FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 28, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>AVISTA CORPORATION,<br><br>　　　　　Defendant. | No. 2:24-CV-00358-MKD<br><br>ORDER GRANTING UNOPPOSED MOTION TO ENTER STIPULATION OF SETTLEMENT AND JUDGMENT<br><br>**ECF No. 4** |

Before the Court is the United States' Unopposed Motion to Enter Stipulation of Settlement and Judgment. ECF No. 4. The Court has reviewed the motion, the proposed stipulation of settlement and judgment, and the record and is fully informed. For the reasons explained below, the Court grants the motion and enters the proposed stipulation of settlement and judgment.

## FINDINGS

The Court has reviewed the motion, the stipulation of settlement and judgment, and the record and is fully informed. The Court finds that the proposed stipulation of settlement and judgment arises from and serves to resolves a dispute within its subject matter jurisdiction. *See Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986); ECF No. 1 at 3.

ORDER - 1

1  The Court also finds that the proposed stipulation of settlement and judgment
2  comes within the general scope of the case made by the pleadings and furthers the
3  objectives of the System Unit Resource Protection Act, upon which the claims in
4  the Complaint are based. *See Local No. 93*, 478 U.S. at 525; ECF No. 1 at 11-13.
5  Finally, the Court finds that the proposed stipulation of settlement and judgment is
6  fair, reasonable, and equitable, and that there is no indication it violates the law or
7  public policy. *See Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350,
8  1355 (9th Cir. 1990).

9        Accordingly, **IT IS HEREBY ORDERED:**

10      1.    The Motion to Enter Stipulation and Settlement and Judgment, **ECF**
11  **4**, is **GRANTED**.

12      2.    The Proposed Stipulation of Settlement and Judgment, **ECF No. 4-1**,
13  is **ENTERED** and attached to this Order.

14      3.    The Court will retain jurisdiction over this matter for through the date
15  that Defendant makes all payment(s) due under the Stipulation in accordance with
16  its provisions.

ORDER - 2

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, provide copies to the parties, and administratively close the file.

DATED January 28, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 2:24-cv-358 |
| AVISTA CORPORATION, | STIPULATION OF SETTLEMENT AND JUDGMENT |
| Defendant. | |

WHEREAS, the United States of America, acting at the request of the United States Department of the Interior, National Park Service ("NPS"), has filed a complaint (the "Complaint") simultaneously with this Stipulation of Settlement and Judgment (the "Stipulation") under federal trespass law, the System Unit Resource Protection Act ("SURPA"), 54 U.S.C. §§ 100721-100725, and the Revised Code of Washington §§ 4.24.630 and 64.12.030;

STIPULATION OF SETTLEMENT
AND JUDGMENT - 1

WHEREAS the Complaint alleges that Avista Corporation ("Avista") is liable for response costs and damages resulting from Avista's unauthorized activities to stabilize and replace a power pole for which the relevant special use permit had expired within the Lake Roosevelt National Recreation Area, in northeastern Washington in March 2017 (the "March 2017 Activities");

WHEREAS, the United States and Avista (the "Parties") agree that it is in the public interest to resolve this matter without litigation and have negotiated this Stipulation in good faith to avoid expensive and protracted litigation;

NOW THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Paragraphs 1 and 2, without any admission of liability by Avista, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action under 54 U.S.C. § 100723(a) and 28 U.S.C. §§ 1331 and 1345. Venue lies in this District under 28 U.S.C. § 1391(b) because Avista resides in this district and the events at issue occurred in this District. For the purposes of this Stipulation, or any action to enforce it, Avista consents to the Court's jurisdiction and consents to venue in this judicial district.

STIPULATION OF SETTLEMENT
AND JUDGMENT - 2

2. For purposes of this Stipulation, or any action to enforce it, Avista agrees that the Complaint states claims upon which relief may be granted under federal trespass law; SURPA, 54 U.S.C. §§ 100721-100725; and the Revised Code of Washington §§ 4.24.630 and 64.12.030.

3. The obligations of this Stipulation apply to and are binding upon the United States and upon Avista and its successors. Any change in Avista's ownership or corporate status shall not alter its obligations hereunder.

4. Within 30 days of approval and entry by the Court of this Stipulation, Avista shall pay to the United States the sum of $900,000 as response costs and damages, together with interest accruing from the date on which the Stipulation is approved and entered by the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of entry.

5. Avista shall pay the response costs and damages due, together with interest, by FedWire Electronic Funds Transfer to the U.S. Department of Justice account, in accordance with instructions provided to Avista by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the Eastern District of Washington after entry by the Court of this Stipulation. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which Avista shall use to identify all payments required to be

STIPULATION OF SETTLEMENT
AND JUDGMENT - 3

made in accordance with this Stipulation.  The FLU will provide the payment instructions to:

>Jillian Caires
>1411 East Mission Avenue, MSC-33
>P.O. Box 3727
>Spokane, Washington 99202
>Jillian.caires@avistacorp.com

on behalf of Avista.  At the time of payment, Avista shall send notice that payment has been made to:

>Chief, Environmental Enforcement Section
>Environment and Natural Resources Division
>U.S. Department of Justice
>P.O. Box 7611 Ben Franklin Station
>Washington, D.C. 20044-7611
>EESCDCopy.ENRD@usdoj.gov
>
>and
>
>Karen Battle Sanborn
>Damage Assessment Case Officer
>WASO/EQD/Resource Protection Branch
>National Park Service
>Karen_Battle-Sanborn@nps.gov.

Such notice shall state that the payment is for the response costs and damages owed pursuant to the Stipulation in *United States v. Avista Corporation*, and shall reference the civil action number, CDCS Number, and Department of Justice case number 90-5-1-1-12423.

STIPULATION OF SETTLEMENT
AND JUDGMENT - 4

6. If Avista fails to pay the amount specified in Paragraph 4 when due, Avista shall pay a stipulated penalty to the United States in the amount of $3,000 per day for each day that the payment is late. Further, interest shall continue to accrue on the unpaid balance of the response costs and damages due under Paragraph 4 in accordance with 28 U.S.C. § 1961 through the date of payment. If the payment specified in Paragraph 4 is not made when due, then, in addition to other remedies herein, the United States reserves the right to move this Court to vacate this Stipulation and reinstate this action.

7. Stipulated penalties shall be paid in the same manner as that provided for in Paragraph 5 above for the payment of response costs and damages, except that the transmittal letter shall state that the payment is for stipulated penalties.

8. If Avista fails to pay stipulated penalties according to the terms of this Stipulation, Avista shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Avista's failure to pay any stipulated penalties.

9. Within 10 business days of receipt of all amounts due under this Stipulation, the United States shall file a notice with the Court that full payment has been made.

STIPULATION OF SETTLEMENT
AND JUDGMENT - 5

10. Avista's payment of response costs and damages identified in Paragraph 4 above, and any stipulated penalties and interest required by Paragraph 6 above, shall constitute a complete settlement and shall be in full satisfaction of the United States' claims alleged in the Complaint. The Stipulation is limited to the civil claims that are expressly alleged in the Complaint. This Stipulation is not intended to, nor shall it be construed to, operate in any way to resolve any civil claims other than those expressly alleged in the Complaint or any criminal liability of Avista.

11. In any subsequent administrative or judicial proceeding initiated by the United States for response costs or damages, or other appropriate relief, relating to the March 2017 Activities, Avista shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, claim preclusion (res judicata), issue preclusion (collateral estoppel), claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 10.

12. Nothing in this Stipulation shall be construed to release Avista or its agents, successors, or assigns from their respective obligations to comply with any applicable federal, state, or local law, regulation, or permit. This Stipulation is not

STIPULATION OF SETTLEMENT
AND JUDGMENT - 6

a permit, or a modification of any permit, under any federal, state, or local laws or regulations. Avista is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits. Avista's compliance with this Stipulation shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein.

13. This Stipulation shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Stipulation.

14. The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the response costs and damages or any stipulated penalties due under this Stipulation but not paid by Avista.

15. The Court shall retain jurisdiction for the purposes of interpreting and enforcing this Stipulation through the date that Avista makes all payment(s) due under this Stipulation in accordance with the provisions herein.

16. This Stipulation shall be lodged with the Court for a period of at least 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Stipulation disclose facts or considerations indicating that the Stipulation is inappropriate,

STIPULATION OF SETTLEMENT
AND JUDGMENT - 7

improper, or inadequate. Avista consents to the entry of this Stipulation without further notice and agrees not to withdraw from or oppose its entry by the Court or to challenge any provision herein, unless the United States has notified Avista in writing that it no longer supports entry of this Stipulation.

17. Each undersigned representative of Avista and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice identified on the signature pages below certifies that that person is fully authorized to enter into the terms and conditions of this Stipulation and to execute and legally bind the party that person represents to this document. This Stipulation may be signed in counterparts, and its validity shall not be challenged on that basis.

18. Avista agrees to accept service of process by mail with respect to all matters arising under or relating to this Stipulation and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. Avista need not file an answer to the Complaint unless or until the Court expressly declines to enter this Stipulation.

19. This Stipulation constitutes the entire agreement among the Parties regarding the subject matter of the Stipulation and supersedes all prior representations, agreements, and understandings, whether oral or written, concerning the subject matter of the Stipulation.

STIPULATION OF SETTLEMENT
AND JUDGMENT - 8

20. Upon approval and entry of this Stipulation by the Court, this Stipulation shall constitute a final judgment of the Court as to the United States and Avista. The Court enters this judgment as a final judgment under Federal Rules of Civil Procedure 54 and 58.

SO ORDERED THIS 28th DAY OF January, 2025.

                                   *s/Mary K. Dimke*
                                   United States District Judge
                                   Eastern District of Washington

STIPULATION OF SETTLEMENT
AND JUDGMENT - 9

*Signature Page for Stipulation of Settlement and Judgment in United States v. Avista Corporation*

**FOR THE UNITED STATES:**

        TODD KIM
        Assistant Attorney General
        Environment and Natural Resources Division
        U.S. Department of Justice

DATED: 10/17/24

        /s/ Genevieve Parshalle
        GENEVIEVE S. PARSHALLE
        Trial Attorney
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Ben Franklin Station
        Washington, D.C. 20044-7611
        (202) 514-2445
        genevieve.parshalle@usdoj.gov

STIPULATION OF SETTLEMENT
AND JUDGMENT - 10

*Signature Page for Stipulation of Settlement and Judgment in United States v. Avista Corporation*

**FOR AVISTA CORPORATION:**

DATED: July 8, 2024 [signature]

GREGORY C. HESLER
1411 East Mission Avenue, MSC-10
P.O. Box 3727
Spokane, Washington 99202
Greg.hesler@avistacorp.com

STIPULATION OF SETTLEMENT
AND JUDGMENT - 11